UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DENNIS PRICE AND ROBERT SHOLAR     CIVIL ACTION

VERSUS

PCS NITROGEN FERTILIZER, L.P.     No. 03-CV-153

## RULING ON MOTION FOR RULING THAT "TRIPLE DAMAGES" ARE NOT AVAILABLE, OR ALTERNATIVELY, ARE LIMITED

This matter is presently before the Court on a Motion for Ruling that "Triple Damages" are Not Available, or Alternatively, are Limited (Doc. No. 160) filed by defendant, PCS Nitrogen Fertilizer, L.P. Plaintiffs oppose the Motion (Docs. No. 161 & 165). The Court, having reviewed the record, the law, and the arguments of the parties, now concludes that the defendants' Motion should be **GRANTED** for the following reasons.

## BACKGROUND

On March 1, 2010, a jury was sworn and trial began on this case. After plaintiffs rested their case on March 16, 2010, a Motion for Judgment was made by defendant pursuant to Rule 50. As a result of Defendant's Motion, the Court dismissed all of plaintiffs' claims as to lost wages, lost benefits, lost promotion, and medical expenses. The Court further determined that a reasonable jury could find for the plaintiffs as to the remaining issues but limited the plaintiffs' damages to "Emotional Pain and Mental Anguish" and "Loss of Enjoyment of

Life."[1] The Jury returned a verdict awarding damages to the plaintiffs.[2]

Defendant now files a Motion seeking a Ruling from this Court that triple damages are not available to Plaintiffs under the Louisiana Environmental Whistleblower Statute, La. R.S. 30:2027, or alternatively, that any triple damages are limited to a period of three years. Plaintiffs oppose the Motion.

## ANALYSIS

The issue currently before the Court is whether La. R.S. 30:2027 provides for the tripling of "Emotional Pain and Mental Anguish" and "Loss of Enjoyment of Life" damages.

La. R.S. 30:2027 was amended in 1999. The pre-amendment version of La. R.S. 30:2027(B) provided, in relevant part, as follows:

> (1) Any employee against whom any action is taken as a result of acting under Subsection A of this Section may commence a civil action in a district court of the employee's parish of domicile, and shall recover from his employer triple damages resulting from the action against him and all costs of preparing, prosecuting, appealing, or otherwise conducting a law suit, including attorney's fees, if the court finds that Subsection A of this Section has been violated. In addition, the employee shall be entitled to all other civil and criminal remedies available under any other state, federal, or local law.
>
> * * * *
>
> (2)(b) "Damages" for the purposes of this Section shall include, but not be limited to, lost wages, lost anticipated wage due to wage increase, or loss of anticipated wages which would have resulted from a lost promotion,

---

[1] See Record Document No. 155, March 16, 2010, Minute Entry.

[2] See Record Document No. 158, Jury Verdict Form.

2

Case 3:03-cv-00153-JJB -DLD   Document 187   02/13/12   Page 2 of 9

any property lost as result of lost wages, lost benefits, and any physical or emotional damages resulting therefrom.

In 1999, the legislature amended the "Damages" provision of La. R.S. 30:2027(B)(2)(b) to provide as follows:

> "Damages" to be tripled pursuant to Paragraph B(1) of this Section shall be for the period of the damage, but not to exceed three years, and shall include but not be limited to lost wages, lost anticipated wages due to a wage increase, or loss of anticipated wages which would have resulted from a lost promotion, and if the period of the damage exceeds three years, the employee shall thereafter be entitled to actual damages. In addition to the above, "damages" shall also include any property lost as a result of lost wages, lost benefits, and any physical or emotional damages resulting therefrom.

The following explanation was given by the legislature for the amendment:

> Prior law defines damages to include lost wages, lost anticipated wages due to a wage increase, or lost wages due to a lost promotion, property lost as a result of lost wages, lost benefits, and any physical or emotional damages.
>
> New law provides that the triple damages shall be for a period not to exceed three years and shall include lost wages, lost anticipated wages from wage increases, or loss of anticipated wages resulting from a lost promotion. New law further provides that if the period of damages exceeds three years, then the employee shall thereafter be entitled to actual damages. New law also provides that in addition, damages include any property lost as a result of lost wages, lost benefits, and any physical or emotional damages.[3]

Both parties concede that the amended version of La. R.S. 30:2027 applies to determine the damages herein. Defendants contend that, by providing two separate sentences for the "damages to be tripled" provision and the "damages"

---

[3] H.B. 1791, 1999 Regular Session of Louisiana Legislature, Resume Digest, *available at* http://www.legis.state.la.us/leg_docs/99RS/CVT9/OUT/0000G6DE.PDF.

3

provision of La. R.S. 30:2027(B)(2)(b), the Louisiana legislature intended to limit the items of damage that would be subject to being trebled. Specifically, defendant argues that the legislature sought to eliminate treble damages for non-pecuniary losses such as physical or emotional damages and to retain triple damages only for pecuniary losses such as wage-type losses. Plaintiffs argue that the "'[d]amages' to be tripled... shall include but not be limited to" provision in the first sentence of La. R.S. 30:2027(B)(2)(b) effectively incorporates those damages listed in the second sentence (i.e., "any property lost as a result of lost wages, lost benefits, and any physical or emotional damages resulting therefrom"). Plaintiffs further contend that "the statute does not clearly state or even implies [sic] that Louisiana thought it was being too hard on criminal polluters and thus wished to reduce the penalty on those criminal polluters."[4]

No court has had the opportunity to interpret the revised trebling provisions. In this diversity case, because no state court decisions control, we must make an "*Erie* guess" as to how the Louisiana Supreme Court would apply state law."[5] In making an *Erie* guess, we must employ Louisiana's civilian methodology.

"The function of statutory interpretation and the construction to be given to

---

[4] Record Document No. 161-1, Plaintiff's Objections to Defendant's Motion, p. 2.

[5] **Beavers v. Metro. Life Ins. Co.**, 566 F.3d 436, 439 (5th Cir.2009) (citing **Travelers Cas. & Sur. Co. of Am. v. Ernst & Young LLP**, 542 F.3d 475, 483 (5th Cir.2008))

legislative acts rests with the judicial branch of the government."[6] The starting point in the interpretation of any statute is the language of the statute itself.[7] Ambiguous text is to be interpreted according to the generally prevailing meaning of the words employed.[8] "[T]he paramount consideration in interpreting a statute is ascertaining the legislature's intent and the reasons that prompted the legislature to enact the law."[9] Legislative intent is the fundamental question in all cases of statutory interpretation; rules of statutory construction are designed to ascertain and enforce the intent of the statute.[10] One particularly helpful guide in ascertaining the intent of the legislature is the legislative history of the statute in question.[11]

The language in La. R.S. 30:2027(B)(2)(b) that "'Damages' to be tripled... *shall include but not be limited to...*" is somewhat ambiguous. Nevertheless, the Court need not be troubled by this ambiguity because (1) it is absolutely clear that the legislature sought to narrow the type and duration of damages that might be trebled, and (2) the doctrine of *noscitur a sociis* supports the conclusion that

---

[6] **Touchard v. Williams**, 617 So.2d 885, 888 (La.1993), *superseded by statute as stated in Dumas v. State ex. rel. Dep't of Culture, Recreation and Tourism*, 828 So.2d 530 (La. 2002).

[7] **Touchard**, 617 So.2d at 888.

[8] La. Civ.Code art. 11.

[9] **Theriot v. Midland Risk Ins. Co.**, 694 So.2d 184 (La. 1997) (citations omitted).

[10] Id.

[11] Id.

5

damages to be tripled are limited to the wage-type damages listed in the triple damages clause.

Although plaintiffs contend that the legislature could not have intended to reduce the penalty on employers for retaliating against whistleblowers, this is exactly what the legislature intended. Prior to the 1999 amendment, there was absolutely no limit to the duration of triple damages. The legislative history to the 1999 amendment provides that the law be changed to limit the duration of triple damages to three years.[12] In that same vein, it is not unreasonable to believe that the legislature also intended to limit the type of damages which could be tripled. The legislature did this by using two separate sentences to distinguish between "damages to be trebled" and other "damages." Plaintiffs invite the Court to render the legislature's inclusion of a triple damages clause in La. R.S. 30:2027(B)(2)(b) superfluous. The Court declines that invitation as it shall not presume that the lawmaker inserted idle, meaningless or superfluous language in the law or that it intended for any part or provision of the law to be meaningless, redundant or useless.[13] Instead, a presumption exists that every word, sentence or provision in the law was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were

---

[12] H.B. 1791, 1999 Regular Session of Louisiana Legislature, Resume Digest, *available at* http://www.legis.state.la.us/leg_docs/99RS/CVT9/OUT/0000G6DE.PDF ( "triple damages shall be for a period not to exceed three years.").

[13] **Ransome v. Ransome**, 822 So.2d 746, 752 (La. App. 1st Cir. 2002).

Case 3:03-cv-00153-JJB -DLD   Document 187   02/13/12   Page 6 of 9

used.[14] The Court chooses to give meaning to the legislature's inclusion and separation of the "damages to be trebled" provision in La. R.S. 30:2027(B)(2)(b) and therefore finds that "Emotional Pain and Mental Anguish" and "Loss of Enjoyment of Life" damages are not to be trebled.

The Court finds additional support for this conclusion under the canon of *noscitur a sociis*. This cannon of interpretation provides that "an ambiguous term may be given more precise content by the neighboring words with which it is associated."[15] The first sentence of La. R.S. 30:2027(B)(2)(b) provides that:

> "Damages" to be tripled pursuant to Paragraph B(1) of this Section shall be for the period of the damage, but not to exceed three years, and shall include but not be limited to lost wages, lost anticipated wages due to a wage increase, or loss of anticipated wages which would have resulted from a lost promotion, and if the period of the damage exceeds three years, the employee shall thereafter be entitled to actual damages."

When looking at the words that accompany the term "Damages to be tripled" (i.e., lost wages, lost anticipated wages due to a wage increase, loss of anticipated wages which would have resulted from a lost promotion, etc.), it becomes evident that all of these damages are wage-type damages. Therefore, logically, the term "Damages to be tripled" refers to wage-type damages. The second sentence provides as follows:

> In addition to the above, "damages" shall also include any property lost as

---

[14] **Id.**

[15] **United States v. Stevens**, 559 U.S. ----, 130 S.Ct. 1577, 1587 (2010) (internal quotation marks omitted).

7

a result of lost wages, lost benefits, and any physical or emotional damages resulting therefrom.

When analyzing the accompanying words, it becomes evident that the "'Damages' to be tripled" category is merely a subset of a category of general damages and that a whisteblower plaintiff may obtain, in addition to the damages that may be tripled, damages that may not be tripled such as "any property lost as a result of lost wages, lost benefits, and any physical or emotional damages resulting therefrom." Plaintiff's damages do not fall into the "damages to be tripled" category, and therefore they cannot be tripled.

Case 3:03-cv-00153-JJB -DLD Document 187   02/13/12   Page 8 of 9

## CONCLUSION

The presumption arising from the legislature's deliberate change in language coupled with the canon of *noscitur a sociis* reinforces the Court's conclusion that triple damages are not available for "Emotional Pain and Mental Anguish" and "Loss of Enjoyment of Life" under La. R.S. 30:2027.

Accordingly, for the foregoing reasons assigned,

IT IS ORDERED that the Motion for Ruling that "Triple Damages" are Not Available (Doc. No. 160) filed by defendant, PCS Nitrogen Fertilizer, L.P., is **GRANTED**.

Baton Rouge, Louisiana, February 10, 2012.

JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA