UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DENNIS PRICE AND ROBERT SCHOLAR

VERSUS

PCS NITROGEN FERTILIZER, L.P.

CIVIL ACTION

No. 03-cv-153-JJB

## RULING ON MOTION TO AWARD ATTORNEYS' FEES, EXTEND TIME AND MODIFY JUDGMENT

This matter is presently before the Court on a motion to award attorneys' fees, extend time and modify judgment (Doc. 189) filed by Plaintiffs, Dennis Price and Robert Scholar. Defendant PCS Nitrogen Fertilizer, L.P. ("PCS") opposes the motion (Doc. 194), and plaintiffs filed a reply (Doc. 200). Oral argument is unnecessary. Jurisdiction exists under 28 U.S.C. § 1332.

I.

On March 1, 2010, a jury was sworn and trial began in this case. After plaintiffs rested their case on March 16, 2010, defendant filed a motion for judgment under Rule 50. As a result of defendant's motion, the Court dismissed all of plaintiffs' claims for lost wages, lost benefits, lost promotion, and medical expenses. The Court further determined that a reasonable jury could find for the plaintiffs as to the remaining issues but limited their damages to emotional pain, mental anguish, and loss of enjoyment of life. (*See* Minute Entry, Doc. 155). The jury returned a $350,000 verdict in favor of plaintiffs. (*See* Verdict Form, Doc. 158).

Defendant previously filed a motion seeking a ruling from the Court that triple damages were not available to plaintiffs under the Louisiana Environmental Whistleblower Statute, La. R.S. 30:2027, or alternatively that any triple damages were limited to a period of three years (Doc. 160). Plaintiffs opposed the motion (Docs. 161, 165). This Court granted defendant's

1

motion (Doc. 187) and found that treble damages for the claims submitted to the jury were not available under the statute. Because no state court decisions controlled as no court had the opportunity to interpret the revised trebling provisions of the statute, this Court utilized Louisiana civilian methodology to make an *Erie* guess as to how the Louisiana Supreme Court would apply state law (Doc. 187, p. 4). The Court used statutory interpretation, legislative history, and the language of the statute itself to determine the intent of the legislature. As the Court noted, "a presumption exists that every word, sentence or provision in the law was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used." (*Id.*, pp. 6-7 (citing *Ransome v. Ransome*, 822 So.2d 746 (La. App. 1st Cir. 2002)). The Court gave meaning to the legislature's inclusion and separation of the damages to be trebled provision in the statute and found that emotional pain, mental anguish, and loss of enjoyment of life damages could not be trebled. Additionally, the Court used the doctrine of *noscitur a sociis* to interpret the statute using the surrounding words with which the ambiguous words were associated. (*Id.*, p. 7). The Court found that all of the words accompanying the term "Damages to be tripled" were wage-type damages, and therefore the only damages subject to trebling were wage-type claims. (*Id.*). The Court also found "Damages to be tripled" was simply "a subset of a category of general damages and that a whistleblower plaintiff may obtain, in addition to the damages that may be tripled, damages that may not be tripled such as 'any property lost as a result of wages, lost benefits, and any physical or emotional damages resulting therefrom.'" (*Id.*, p. 8).

II.

This motion seeks to accomplish three things. First, plaintiffs would like to be awarded attorney's fees calculated after trebling of the damages awarded by the jury. Plaintiffs argue that

2

La. R.S. 30:2027's statutory language mandates attorney's fees to a successful plaintiff. Additionally, plaintiffs argue this mandatory attorney fee should be one-third of total recovery after treble damages. Plaintiffs rely on *Brown v. Catalyst Recovery of Louisiana, Inc.*, 813 So.2d 1156 (La. App. 3rd Cir. 2002), where a court did award attorney's fees after an award was trebled based on the language of the attorney client contract and other factors such as "time spent, money invested in the case, and intricacies of the facts involved." PCS allows that for the purposes of this Court's ruling on attorneys' fees only, and while reserving the right to appeal any award to Plaintiffs, the Court should award attorneys' fees of one-third of the jury verdict, or $116,666.67. Defendant agrees that La. R.S. 30:2027 provides for reasonable attorneys' fees. However, defendant opposes plaintiffs' request to have attorneys' fees based on the trebled amount and opposes an award of any amount greater than one-third of the actual jury award. Defendant also disagrees with plaintiffs' argument that they should be allowed greater fees because of the "significant amount of time expended by plaintiffs' attorneys" and believes the amount of time spent by plaintiffs' attorneys on the case was due to their own frivolous claims. Therefore, defendant urges that attorneys' fees should only be awarded in the amount discussed above.

Second, plaintiffs want to have extended time to appeal their case based on Fed. Rule App. P. 4(a). Plaintiffs assert they timely filed their motion and are thus allowed to petition for an extension of time under Fed. Rule Civ. P. 54(d)(2) and under Fed. Rule App. P. 4. Defendant offered no argument on this issue and deferred to the Court's consideration of plaintiffs' request.

Third, plaintiffs seek to alter the judgment of the case and triple the $350,000 in damages awarded by the jury. Plaintiffs argue that La. R.S. 30:2027 was designed to give employees an incentive to report pollution and environmental criminal activity without fear of retaliation.

3

Thus, triple damages were added into the statute. Plaintiffs urge that not allowing for treble damages in their case de-incentivizes employees from future whistleblowing and puts those employees in a difficult position to pick between reporting violations and living with the results of reporting. Plaintiffs also continue to maintain that statutory language allows their damages for emotional pain, mental anguish, and loss of enjoyment of life to be trebled contrary to this Court's prior ruling on the issue. (Doc. 187). Defendant, on the other hand, argue that Plaintiffs must establish a right to relief under Fed. Rule Civ. P. 59(e). PCS claims plaintiffs cannot meet the standards of Rule 59(e) because they do not satisfy any of the four requirements discussed below to alter or amend a judgment. Finally, defendant assert that plaintiffs "have no legal or legislative foundation for their suggested interpretation of the penalty provision", and therefore triple damages are unavailable, in accordance with this Court's previous ruling.

### III.

The clear language of Fed. Rule Civ. P. 54 requires a claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages. The relevant statute on which this action was based, La. R.S. 30:2027(B)(1), provides that, "*an employee shall recover* from his employer triple damages resulting from the action taken against him, and *all costs of preparing, filing, prosecuting, appealing or otherwise conducting a law suit, including attorney's fees*, if the court finds that Subsection A of this Section has been violated." (emphasis added). The verdict found a retaliation violation under Subsection A. (Doc. 158, pp. 1, 3). Plaintiffs' attorneys have a typical contingency agreement with their clients calling for a one-third recovery of damage recovered. (*See* Doc. 194-1). As discussed below, the judgment damages are not available to be

4

tripled, and therefore Plaintiff's attorneys should get one-third of the actual jury verdict of $350,000 based on their contingency fee arrangement, which amounts to $116,666.67.

In regards to the "costs of preparing, filing, prosecuting, appealing, or otherwise conducting a law suit," La. R.S. 30:2027 explicitly authorizes plaintiffs to recover these costs as well as their attorney's fees if a violation of Subsection A is found. The jury found PCS retaliated against their employees. (Doc. 158, pp. 1, 3). This retaliation violates La. R.S. 30: 2027(A). Thus, plaintiffs' attorneys are allowed to recover their costs for preparing and litigating the trial in accordance with La R.S. 30:2027(B)(1). While counsel for plaintiffs describes the time and volume of their work on the case, they do not provide the contemporaneous time report reflecting the date, time involved, and nature of services performed as required by Local Rule 54.2. The report must contain both narrative and statistical forms and must detail the hours spent on the case accompanied by justification.

In accordance with their contingency fee contract, Rule 54, and La. R.S. 30:2027(B)(1), the Court finds that attorney's fees of one-third of the jury verdict, or $116,666.67, shall be awarded. The Court also finds plaintiffs' request to award all costs of preparing and litigating this suit is valid, contingent upon plaintiff's filing the contemporaneous time report required under Local Rule 54.2.

IV.

Under Fed. Rule Civ. P. 58(e), a court may extend the time for appeal beyond the normal timing for filing a notice of appeal following judgment if a timely motion for attorney's fees or costs is made in accordance with Rule 54(d)(2). Similarly, Rule 4 of the Federal Rules of Appellate Procedure states:

5

> If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
> \*\*\*
> (iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;
> (iv) to alter or amend the judgment under Rule 59…

Fed. Rule App. P. 4(a)(4)(A).

The Rule further provides:

> If a party files a notice of appeal after the court announces or enters a judgment— but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

Fed. Rule. App. P. 4(a)(4)(B)(i).

Federal Rule of Civil Procedure 54(d)(2)(B)(1) requires that a claim for attorney's fees and related nontaxable expenses must be filed by motion no later than fourteen days after the entry of judgment. Under Fed. Rule Civ. P. 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Judgment in this case was entered on February 14, 2012 (*see* Doc. 188), and the present motion was filed with this Court on February 22, 2012. The motion is timely under both Rule 54 and Rule 59. Therefore, the Court finds this motion extends the time for effectuating an appeal as provided in Fed. Rule. App. P. 4(a)(4).

V.

"[A] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should have been made before judgment issued.'" *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010). Additionally, a moving party must meet one of the following in order to prevail on a Rule 59(e) motion:

6

> (1) the motion must be necessary to correct a manifest error of fact or law;
>
> (2) the movant presents newly discovered or previously unavailable evidence;
>
> (3) the motion is necessary to prevent manifest injustice; or
>
> (4) the motion is justified by an intervening change in the controlling law.

*Barnes v. Johnson*, No. 03-83, 2010 WL 2008830, at *1 (M.D. La. May 18, 10) (quotation omitted).

The judgment requested for alteration is the jury verdict of $350,000 in favor of plaintiffs. Rule 59(e) provides no relief to plaintiffs. First, there is no new evidence or an intervening change in the controlling law. Second, the Court does not believe the motion is necessary to correct a manifest error of fact or law and thus no manifest injustice has occurred. The Court has previously ruled on the matter of treble damages and continues to be unpersuaded by plaintiffs' arguments. Plaintiffs persist in their argument that the language of La. R.S. 30:2027 was not limited to wage-type damages and that not allowing treble damages would reduce the incentive to whistleblow which the legislature did not intend. In the instant case, Plaintiffs continue to dispute that La. R.S. 30:2027 language limiting damages to wage-type claims and reurge their policy argument that treble damages incentivize employees to promote pollution and illegal activity. Plaintiffs, in fact, insist that should the Court maintain its present interpretation of the statute, "then there is no way the plaintiffs in any case under the Louisiana whistleblower statute would be entitled to triple damages." (Reply Brief, Doc. 200, pp. 2-3). Plaintiffs' assumption is farfetched. A plaintiff would be allowed treble damages for wage-related claims as allowed by the whistleblower statute. The Court is simply not swayed by plaintiffs' arguments and finds, for the reasons discussed in its previous ruling (Doc. 187), that treble damages are not available in the instant case.

7

VI.

Accordingly, it is ORDERED that plaintiffs' motion for attorney's fees is hereby GRANTED in the amount of $116,666.67. The Court pretermits awarding additional costs for preparing and litigating this suit under La. R.S. 30:2027 until plaintiffs file the appropriate contemporaneous time report in compliance with Local Rule 54.2, which they are granted leave to do.

The motion to extend the time for effectuating the appeal is GRANTED. The notice of appeal (Doc. 191) shall have no effect under Fed. Rule App. P. 4 until the Court rules on the award of additional litigation costs as outlined above.

The motion to alter or amend the judgment is DENIED.

Signed in Baton Rouge, Louisiana, on April 2, 2012.

JAMES J. BRADY, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA